# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARK H. FOSS, | DOCKET NUMBER |
| Appellant, | DE-0831-14-0529-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: September 21, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark H. Foss, Grand Island, Nebraska, pro se.

Linnette Scott, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the appellant's application for a survivor annuity. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        In January 2012, OPM notified the appellant that he might be eligible for a Civil Service Retirement System survivor annuity as a dependent of Arnold Foss. Initial Appeal File (IAF), Tab 7 at 177. The appellant completed the corresponding questionnaire and returned it to OPM, requesting a survivor annuity. *Id*. at 170-73, 176.

¶3        In May 2012, OPM issued its initial decision, denying the appellant's request. *Id*. at 167-69. The appellant submitted a request for reconsideration, with additional evidence attached. *Id*. at 89-166. OPM issued its reconsideration decision in April 2013, again denying his request for a survivor annuity. *Id*. at 86-88.

¶4        The appellant challenged OPM's April 2013 reconsideration decision in a previous Board appeal. *See Foss v. Office of Personnel Management*, MSPB Docket No. DE-0831-13-0258-I-1, Remand Order at 1 (June 5, 2014). After the administrative judge affirmed OPM's denial, the Board granted the appellant's petition for review, vacated the initial decision, and remanded the matter to OPM to issue a new reconsideration decision. *Id*. at 1-3. We found that, while OPM determined that the appellant had not shown that he *was* incapable of self-support

prior to age 18, the proper standard required a determination as to whether he "*is* incapable of self-support because of a mental or physical disability incurred before age 18."[2] *Id.* at 1-2 (quoting 5 U.S.C. § 8341(a)(4)(B), (e)(2) (emphasis added)).

¶5    Following our remand, OPM issued a new reconsideration decision in July 2014, applying the proper legal standard and again denying the appellant's request for a survivor annuity. IAF, Tab 7 at 4-6. The appellant filed the instant appeal, challenging that reconsideration decision. IAF, Tab 1. He requested that the administrative judge issue a decision on the written record, without a hearing. IAF, Tab 8 at 1-2.

¶6    The administrative judge affirmed OPM's July 2014 reconsideration decision. IAF, Tab 14, Initial Decision (ID). The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 3.

¶7    Under 5 U.S.C. § 8341(a)(4)(B) and (e)(2), the unmarried dependent child of a deceased Federal annuitant is entitled to a survivor annuity, regardless of age, if he is incapable of self-support because of a mental or physical disability incurred before age 18. *Rajbhandary v. Office of Personnel Management*, 91 M.S.P.R. 192, ¶ 4 (2002). The burden of proving that entitlement is on the applicant for benefits. *See Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986).

¶8    As noted by the administrative judge, there is no substantive dispute concerning the appellant being the unmarried dependent child of a deceased Federal annuitant. *See* ID at 5-6; IAF, Tab 7 at 4-5. However, the administrative judge concluded that the appellant failed to establish that he is incapable of

---

[2] Because OPM had not yet determined whether the appellant "is incapable of self-support," within the meaning of section 8341(a)(4)(B), we did not have jurisdiction to answer that question in the prior appeal. *See* Remand Order at 2 (citing *Deese v. Office of Personnel Management*, 116 M.S.P.R. 166, ¶ 9 (2011); 5 C.F.R. § 831.110).

self-support due to a disabling medical condition incurred prior to age 18. ID at 6-10; IAF, Tab 7 at 5. The appellant disagrees, arguing that the administrative judge failed to adequately consider or otherwise erred in considering his passive aggressive personality disorder, the presence of his disabilities prior to age 18, and his limited earnings. PFR File, Tab 1 at 3-4. We find these arguments unpersuasive.

¶9 The Board has held that the "incapable of self-support" standard is similar to the Social Security standard of "able to engage in substantial gainful activity," and that an applicant's impairments must render him incapable of performing any occupation suitable for his age, education, work experience, and residual functional capacity. *Salarzon v. Office of Personnel Management*, 44 M.S.P.R. 588, 592 (1990), *aff'd*, 925 F.2d 1479 (Fed. Cir. 1991) (Table); *Sawyer v. Office of Personnel Management*, 36 M.S.P.R. 201, 206 (1988). Although the record reflects little if any history of the appellant maintaining employment or otherwise engaging in substantial gainful activity, *e.g.*, IAF, Tab 7 at 18-21, we agree with the administrative judge's conclusion that the appellant failed to prove that he is incapable of self-support as defined under 5 U.S.C. § 8341(a)(4)(B), ID at 8.

¶10 The evidence of record documents a persisting left ear impairment and a history of psychological difficulties. *See, e.g.*, IAF, Tab 7 at 13, 37, 40, 140, 171, 173. Concerning the appellant's left ear, the record includes a history of treatment, as well as a recommendation that the appellant avoid environmental irritants, such as "change[s] in temperature, cold air, wind, water, and loud noises." *Id*. at 171, 173. Concerning his mental status, the record includes historical information, such as a 1970 diagnosis of unsocialized aggressive reaction to childhood, 1989 diagnoses of passive aggressive and anti-social personality disorders, and treatment for depression symptomology in 1996. *Id*. at 13, 37, 140.

¶11 Despite the aforementioned evidence, the administrative judge found little evidence to support a claim that the appellant's current condition renders him

incapable of self-support, ID at 8, and the appellant has failed to identify any on review. The appellant has directed us to background information about passive aggressive personality disorder. PFR File, Tab 1 at 3; IAF, Tab 1 at 16-17, Tab 9 at 2-8. However, that background information does not prove the continued existence or severity of that condition as to the appellant and his ability to perform any occupation or otherwise support himself. *See generally Sawyer*, 36 M.S.P.R. at 206 (finding that an appellant had not proven that he was incapable of self-support where there was little evidence demonstrating the asserted severity of vision loss, fatigue, and emotional problems). He also has directed us to the fact that he has a limited history of employment. PFR File, Tab 1 at 3; *see* IAF, Tab 7 at 18-21. The appellant has not proven that his lack of employment is attributable to his physical or mental impairments, rather than other factors. *See generally Salarzon*, 44 M.S.P.R. at 592 (finding that an applicant's failure to obtain employment for reasons unrelated to his physical or mental capabilities is immaterial to the determination of self-support). Accordingly, we agree with the administrative judge's determination that the appellant failed to meet his burden. Although the appellant showed that he has some limitations, he did not prove that he is incapable of self-support because of a mental or physical disability incurred before age 18.

¶12 In his petition, the appellant also asserts that the administrative judge's "rulings involve[] abuse of process and affect the outcome of the case." PFR File, Tab 1 at 3. Although this seems to be a claim of abuse of discretion, the appellant failed to provide any further details. A petitioning party must explain in the petition how an administrative judge's rulings are inconsistent with required procedures or involved an abuse of discretion. *See Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980); 5 C.F.R. §§ 1201.114(b), 1201.115(c). Because he failed to provide that requisite explanation, and because no abuse of discretion is apparent, the appellant's argument fails.

¶13     Finally, the appellant asserts that the administrative judge made a factual error concerning the date on which his father passed away.  PFR File, Tab 1 at 3.  However, although this error may have occurred, we find that it does not warrant a different outcome in this matter.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision); *see also* 5 C.F.R. § 1201.115(a)(1) (any alleged factual error must be material, meaning of sufficient weight to warrant a different outcome from that of the initial decision).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.